**In re Shelly DeBAECKE, Debtor.**

**Bankruptcy No. 88–00361.**

United States Bankruptcy Court,
D. New Jersey.

Sept. 22, 1988.

---

**4**

Jeffrey E. Jenkins, Jenkins & Jenkins, Haddon Heights, N.J., for debtor.

Louis T. DeLucia, W. Cary Edwards, Atty. Gen. of N.J., Trenton, N.J., for State of N.J., Div. of Motor Vehicles.

Peter J. Broege, Wood & Broege, Manasquan, N.J., for the Trustee.

## MEMORANDUM OPINION AND ORDER

STEPHEN A. STRIPP, Bankruptcy Judge.

This opinion and order shall address the objection of the State of New Jersey, Division of Motor Vehicles ("DMV") to confirmation of the debtor's plan for adjustment of her debts under Chapter 13 of Title 11, United States Code ("Bankruptcy Code" or "Code"). The debtor was assessed surcharges under N.J.S.A. 17:29A–35 (the "Merit Rating Plan") as a result of convictions for motor vehicle violations. The debtor's plan classifies the surcharges as unsecured debts, and proposes no payment of any unsecured debts. The DMV objected to confirmation on the basis of the argument that the surcharges are not "debts," and are therefore nondischargeable.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). A party in interest has the right under Code § 1324 to object to confirmation of a Chapter 13 plan. Such an objection creates a contested matter which is governed procedurally by Bankruptcy Rules 3020(b) and 9014.

## FINDINGS OF FACT

On January 21, 1988 debtor Shelly DeBaecke filed a petition for adjustment of her debts under Chapter 13 of the Bankruptcy Code. Her Chapter 13 statement classified the DMV as an unsecured creditor holding a claim of $6,000 for an unspecified "surcharge." The debtor's plan proposes to pay a secured creditor the value of its security interest in a motor vehicle owned by the debtor. The plan proposes no payment to the unsecured creditors.

The hearing on confirmation of the debtor's plan was scheduled for April 26, 1988. The DMV filed an objection to confirmation on the grounds outlined above. The Court reserved decision on the objection, adjourned the confirmation hearing to a date to be determined, and directed the debtor to continue to make preconfirmation payments to the trustee as required by District of New Jersey Bankruptcy Rule 13–1.

The objection to confirmation filed by the DMV alleges that the debtor was convicted of refusing to take a breathalyzer test in violation of N.J.S.A. 39:4–50.4a on May 19, 1986, and of driving while intoxicated in violation of N.J.S.A. 39:4–50 on August 30, 1987. Although the debtor had only been assessed a surcharge of $1,225. for the 1986 conviction at the time the DMV's objection was filed, the total surcharges to be assessed for the two convictions are $6,000.

On September 22, 1988 the Court conducted a telephone conference in which counsel stipulated that the foregoing allegations of the DMV regarding the dates of

conviction, nature of the offenses, and amounts of the surcharges are correct.[1]

## CONCLUSIONS OF LAW

 The Court refers the parties to its opinion in the case of *In re Bill*, 90 B.R. 651, Case No. 87–06533, filed on September 22, 1988, a copy of which is transmitted to the parties with this opinion. The opinion in the *Bill* case sets forth the Court's analysis of the nature of Merit Rating Plan surcharges and the treatment of such surcharges in Chapter 13 cases. Applying the same analysis, the Court reaches the following conclusions of law on the record presented in this case:

1. Merit Rating Plan surcharges imposed under N.J.S.A. 17:29A–35 are "debts" as defined by Code § 101(11).

2. Although *imposition* of Merit Rating Plan surcharges is excepted from the automatic stay by Code § 362(b)(4), *collection* from a debtor in bankruptcy of a surcharge imposed as the result of conviction for an offense which occurred before the bankruptcy petition was filed is subject to the automatic stay of Code § 362(a).

3. Merit Rating Plan surcharges are dischargeable in Chapter 13. If the offense occurs before the petition is filed, but the surcharge is not imposed until after the petition is filed, the surcharge is still dischargeable, since it is the date of the offense rather than the date of imposition of the surcharge which determines when the DMV's right to payment arose.

For the foregoing reasons, the DMV's objection to confirmation is overruled.

The Court expresses no opinion at this juncture as to whether the debtor's plan meets the requirements for confirmation set forth in Code § 1325. The Court Clerk is hereby directed to reschedule the confirmation hearing on notice to those parties who appeared at the initial hearing.

IT IS SO ORDERED.

---

**1.** As previously noted, Bankruptcy Rule 3020(b) provides that an objection to confirmation is governed by Bankruptcy Rule 9014, which provides the procedure for determination of contested matters by motion. Fed.R.Civ.P. 43(e), incorporated by reference in Bankruptcy Rule 9017, provides that when a motion is based on facts not appearing of record, the court may hear the matter on affidavits. The DMV's objection and allegations were not certified, and the debtor filed no papers in response to the objection. The resulting lack of evidence was remedied by the stipulation requested and obtained by the Court.