**In re Edward T. CURTIN, Jr., Debtor.**

**Edward T. CURTIN, Jr., Plaintiff,**

v.

**STATE OF NEW JERSEY, DIVISION of MOTOR VEHICLES—SURCHARGE, Defendant.**

**Bankruptcy No. 95–28844.**
**Adv. No. 96–2145.**

United States Bankruptcy Court,
D. New Jersey.

Sept. 4, 1996.

Shashaty & Lalomia, Little Falls, NJ by Frances Gambardella, for Debtor/Plaintiff.

State of New Jersey, Department of Law and Public Safety, Division of Law, Trenton,

NJ by Marc A. Krefetz, Deputy Attorney General, for Defendant.

## OPINION

WILLIAM F. TUOHEY, Bankruptcy Judge.

### INTRODUCTION

This matter comes before the court by way of order to show cause in support of a verified complaint of debtor/plaintiff, Edward T. Curtin, Jr. to discharge any and all surcharges outstanding to defendant, State of New Jersey, Division of Motor Vehicles—Surcharges ("State of New Jersey"). The debtor/plaintiff also requests the court direct the State of New Jersey to allow an immediate reinstatement of the his New Jersey driver's license. The State of New Jersey opposes plaintiff's order to show cause in support of his complaint on the basis that the nature of the surcharges falls within the exceptions to discharge of Bankruptcy Code section 523(a)(7), as either a tax or civil penalty.

The issues raised by this matter are core proceedings as defined by Congress in 28 U.S.C. section 157. The within opinion constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1. The debtor/plaintiff, Edward T. Curtin, Jr., filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on November 13, 1995.

2. Prior to the filing of the bankruptcy petition, the debtor had accumulated surcharges, for various driving violations, due to the State of New Jersey, Division of Motor Vehicles—Surcharges. The court notes the answer to debtor's complaint filed by the Attorney General of New Jersey on April 18, 1996, states that the "open suspensions" of the debtor's driver's license stem, in part, from a May 20, 1993, conviction for operating under the influence of liquor and/or drugs, and operating while suspended or revoked, or from a November 21, 1995, conviction for operating a motor vehicle during a suspension period.

3. During the fall of 1994, the debtor was re-billed for accumulated, assessed but unpaid surcharges in the amount of $2415.00. The debtor was also provided, in accordance with N.J.S.A. 17:29A–35, an opportunity to pay that amount in statutorily specified installments.

4. When no payments were made by the debtor, the Director of the Division of Motor Vehicles issued a certificate of debt for $2415.00 which was recorded in the Office of the Clerk of the Superior Court of New Jersey, Law Division, Passaic County, on November 15, 1994.

5. In addition, pursuant to the terms of the statute, N.J.S.A. 17:29A–35, a 20% fee to cover the cost of collection was added in the amount of $483.00. The statute also provides that upon docketing, the principal amount due accrues interest at the judgment rate.

6. Consequently, the State of New Jersey suspended the debtor's driver's license after the debtor failed to make payments on the surcharge.

7. On March 22, 1996, the debtor obtained a discharge of his debts by order of the bankruptcy court.

### DISCUSSION

In beginning its analysis, the court notes preliminarily that counsel for both the debtor as well as the Office of the Attorney General concede that the relevant Code section upon which an analysis of the dischargeability of the debtor's surcharges arise is section 523(a)(7).

Section 523(a)(7) provides in pertinent part:

(a) A discharge under section 727.... of this title does not discharge an individual debtor from any debt—

(7) to the extent such a debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

The specific issue presented by the motion before the court is whether the surcharges owed to the State of New Jersey by the debtor are subject to the dischargeability exception under section 523(a)(7) of the Bankruptcy Code. This question requires an analysis of whether or not the debt surcharge may be considered a "penalty" pursuant to section 523(a)(7) of the Bankruptcy Code and further whether the New Jersey Automobile Full Insurance Underwriting Association ("JUA"), the agency which is to receive the surcharge owed by the debtor, is a "governmental unit," within the meaning of section 523(a)(7).

Upon a thorough examination of Bankruptcy Code section 523(a)(7) and case law cited by the parties in this matter, including *In re Lugo*, 94 B.R. 335 (D.N.J.1989), aff'd 886 F.2d 602 (3rd Cir.1989); *In re Christensen*, 95 B.R. 886 (Bankr.D.N.J.1988); and *In re Kent*, 190 B.R. 196 (Bankr.D.N.J.1995), this court holds in accordance with Judge Wizmur's most recent and well reasoned opinion in *Kent*, that the New Jersey motor vehicles surcharge, an assessment imposed upon drivers for violating certain motor vehicle laws, constitutes a "penalty" within the meaning of section 523(a)(7), and further that the JUA is a "governmental unit" within the meaning of section 523(a)(7). Having so found, the surcharges owed by Curtin to the State of New Jersey, net of administrative expenses of collection charged by the Division of Motor Vehicles, are non-dischargeable in this chapter 7 proceeding. The court having ruled in favor of the State of New Jersey with respect to the surcharges of the debtor being non-dischargeable, the debtor's request for the immediate re-instatement of the debtor's driving privileges in the State of New Jersey is hereby denied.

## ANALYSIS

The debtor in his brief argues first that the surcharge debt is not a penalty or forfeiture due to any government agency, but rather, an insurance premium that is not subject to the discharge exception under section 523(a)(7) of the Bankruptcy Code. The State of New Jersey, for its part, contends that the surcharge is a mandatory penalty imposed by the State of New Jersey.[1] In addition, the State of New Jersey argues that the surcharge is also payable to a government unit, the Division of Motor Vehicles, and is for the benefit of another governmental unit, the JUA. Thus, the State of New Jersey believes that the surcharge should be found to be non-dischargeable under section 523(a)(7) of the Bankruptcy Code.

### Penalty versus Premium

■ Initially, this court will address the debtor's contention that the surcharge debt is in the nature of an insurance premium rather than a penalty prescribed by section 523(a)(7). In support of his argument, the debtor points to Judge Gambardella's decision in the case of *In re Christensen* in support of the view that a surcharge owed to the Division of Motor Vehicles is a dischargeable debt. 95 B.R. at 886. In *Christensen*, a chapter 13 debtor filed a complaint against the State of New Jersey seeking a determination that a surcharge imposed upon the debtor by the New Jersey Division of Motor Vehicles for refusal to submit to a chemical test was dischargeable. In that case, Judge Gambardella held that the surcharge was a prepetition debt which was dischargeable in a chapter 13 case.

Upon review, this court finds the debtor's arguments in favor of finding the surcharge to be an insurance premium, as well as the debtor's reliance on *Christensen*, misplaced for the following reasons. First, this court specifically finds the *Christensen* decision, relied upon by the debtor, inapposite to the matter *sub judice*, insofar as *Christensen* dealt with a Chapter 13 debtor, whereas the debtor in this matter has filed under Chapter 7. This distinction is important because, as was noted by the court in *Christensen* itself, neither sections 523(a)(7) or 523(a)(9) are ap-

---

1. By adopting the reasoning of *Kent*, we need not address the Attorney General's argument that the surcharge should be considered a "tax" within the meaning of section 523(a)(7). Such an argu- ment was summarily rejected in *Kent* by finding that a tax penalty "must relate to some underlying tax." 190 B.R. at 199.

plicable to Chapter 13 cases. *Id.* at 889.[2] Thus, since both the plaintiff and defendant in the present matter have agreed that the issue to be resolved revolves around an interpretation of section 523(a)(7), *Christensen* has no bearing on the matter at hand. *Id.* Second, in discussing the penalty versus premium issue, as was noted by Judge Wizmur in *Kent* "[t]hat a motor vehicle surcharge constitutes a debt, rather than 'an additional insurance premium', has been clearly established." 190 B.R. at 199 (citing *Lugo v. Paulsen,* 886 F.2d at 606; *In re Christensen,* 95 B.R. 886 (Bankr.D.N.J.1988); and *In re Bill,* 90 B.R. 651 (Bankr.D.N.J.1988)).

Thus, for the foregoing reasons, this court rejects the debtor's contention that the surcharge constitutes an insurance premium and holds in accord with *Kent* and the case law cited therein which finds the surcharge in question to be in the form of a penalty within the meaning of section 523(a)(7).

### The JUA as a Government Unit

█] In support of his position that the JUA does not constitute a "government unit," within the meaning of section 523(a)(7), the debtor mainly relies on the District Court of New Jersey's review of this court's prior decision in the case of *In re Lugo,* in which Judge Sarokin analyzed the issue of whether or not motor vehicle surcharges were payable for the benefit of a governmental unit. 94 B.R. 335. In *Lugo,* the debtor was convicted of driving while intoxicated in violation of N.J.S.A. 39:4–50(a). In addition to revok-

ing Mr. Lugo's license for six months, the court also imposed a two hundred and fifty dollar ($250) fine and a one hundred dollar ($100) surcharge. *Id.* Shortly thereafter, Mr. Lugo was billed $3,000 by the New Jersey Division of Motor Vehicles. *Id.* The $3,000 surcharge was levied under the New Jersey Merit Rating Plan (N.J.S.A. 17:29A–35(b)(2)), which levies a surcharge on drivers convicted of driving under the influence of intoxicating liquor. Similar to the facts in the matter before the court, Mr. Lugo failed to pay the $3,000 surcharge owed to the JUA and listed the Division of Motor Vehicles and Automobile Insurance Surcharge and Collections as a scheduled creditor after filing under Chapter 7 of the Bankruptcy Code. *Id.*

As distinguishable from the case *sub judice,* in *Lugo,* the court found that the debtor's surcharge was non-dischargeable under section *523(a)(9)* of the Bankruptcy Code, which allowed for an exception to discharge for any debt arising from any judgment entered against a debtor based on a DWI offense.[3] Turning to the debtor's argument herein, although Judge Sarokin discussed section 523(a)(7) and concluded that it did not apply to moneys payable to the JUA, since the JUA was found not to be a "governmental unit," Judge Sarokin's mention of section 523(a)(7), as was recently pointed out by Judge Wizmur in *Kent,* was included only as dictum. 190 B.R. at 203. Moreover, this court finds it significant to note that, as was also recognized by Judge Wizmur in *Kent,*

**2.** In *Christensen,* Judge Gambardella stated:
> [T]he contention by the DMV that the surcharge levied against the debtor to the extent it is determined to be a debt is nondischargeable under §§ 523(a)(7) and 523(a)(9) is simply without merit *because these provisions do not apply to chapter 13 cases.*
> 95 B.R. at 889 (emphasis added).

The court notes that in 1994, the Code was amended to add another exception to discharge. In chapter 13 cases commenced on or after October 22, 1994, criminal fines are not dischargeable. 11 U.S.C. § 1328(a)(3).

**3.** Neither party to this matter is contending that section 523(a)(9) of the Code applies herein. In fact, as was recognized by Judge Wizmur in *Kent,* 190 B.R. at 199, section 523(a)(9) no longer applies to motor vehicle surcharges. In discussing the history of section 523(a)(9), the Court notes that section 523(a)(9) was added to the

Bankruptcy Code by the Bankruptcy Amendments and Federal Judgeship Act of 1984, and was subsequently amended by the Criminal Victims Protection Act of 1990. As amended, section 523(a)(9) makes nondischargeable debts "for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance." The legislation acts to delete the former requirement for the debt to arise from a judgment or consent decree and clarifies the type of debt excepted from discharge in paragraph (a)(9) to mean a debt "for death or personal injury" caused by the debtor's unlawful operation of a motor vehicle while intoxicated. *Collier on Bankruptcy,* ¶ 523.18A (15th ed.) See also Weintraub. and Resnick, *Bankruptcy Law Manual,* ·(1992) § 3.09(9).

the Third Circuit's affirmance of Judge Sarokin's decision in *Lugo v. Paulsen* was based on section 523(a)(9) grounds, and did not even address Judge Sarokin's section 523(a)(7) discussion. *Id.* (citing *Lugo*, 94 B.R. at 341).

Having found the district court's dictum in *Hugo* regarding the status of the JUA in need of reexamination, the court turns to Judge Wizmur's opinion in *Kent.*[4] In *Kent,* a discharged chapter 7 debtor moved to reopen her case and to amend her schedule of unsecured creditors to include the claim of the DMV for prepetition unpaid motor vehicle surcharges. After reopening the case, Judge Wizmur held in relevant part that the motor vehicle surcharges constituted a debt or "penalty" within the meaning of section 523(a)(7) and that the JUA and the Market Transition Facility (MTF), entities comprised of automobile insurers, and under the New Jersey automobile insurance scheme, recipients of the motor vehicle surcharges, were "governmental units" within the meaning of section 523(a)(7).

As applied to the case *sub judice,* relying in large part on the holding in *Kent,* the argument posed by the State of New Jersey is that a surcharge constitutes a penalty that is payable to a "government unit" and is also for the benefit of a "government unit." Therefore, the State of New Jersey contends that the surcharge is non-dischargeable under section 523(a)(7) of the Bankruptcy Code. The crux of this dispute is centered around the specific question: does the JUA, which is the benefactor of the surcharge herein, constitute a "government unit?" In answering this question in the affirmative, the court in *Kent* formulated a series of illustrative characteristics to guide the discussion of whether a particular entity is a governmental unit for section 523(a)(7) purposes. 190 B.R. at 204. The *Kent* court held that the characteristics of the JUA favor its designation as an instrumentality of the State. *Id.* The court supported its reasoning by pointing to several ties between the JUA and the State: (1) the JUA was statutorily created for the purpose of insuring high risk drivers at market rates and reducing insurance costs for other New Jersey motorists; (2) all New Jersey authorized insurers were required to be members of the JUA; (3) the JUA was established as a non-profit organization; (4) the JUA was funded primarily by government imposed surcharges; and (5) the operations of the JUA have been largely controlled by the government, and there is no private liability on the part of the individual insurers who are members. *Id.* at 205–06.

Hence, adopting *Kent,* it is this court's conclusion that the JUA is a governmental unit and that therefore it is logical to conclude that the surcharge is for the benefit of a governmental unit. Since all of the section 523(a)(7) elements have been established in this matter, this court concludes that the surcharge is non-dischargeable and that the debtor has the obligation to repay the motor vehicle surcharge. However, the debtor is not responsible for the administrative expenses of collection charged by the DMV, because a debt that is "compensation for actual pecuniary loss" is dischargeable under section 523(a)(7) of the Bankruptcy Code. Moreover, the court having denied debtor's motion to discharge motor vehicle surcharges, the debtor's request for an order directing the State of New Jersey to immediately reinstate the debtor's New Jersey driver's license is hereby denied.

**ORDER (1) DENYING DEBTOR/PLAINTIFF'S REQUEST TO HAVE MOTOR VEHICLE SURCHARGE DECLARED DISCHARGEABLE; (2) DETERMINING ATTENDANT COLLECTION COSTS TO BE DISCHARGEABLE; (3) DENYING REQUEST TO HAVE STATE OF NEW JERSEY REINSTATE DRIVER'S LICENSE**

*ORDER TERMINATING ADVERSARY PROCEEDING*

This matter having come before the court on debtor/plaintiff's verified complaint and order to show cause seeking determination

---

4. Parenthetically, it is interesting to note that In *Kent,* Judge Wizmur determined it was important to reexamine the issue not only because Judge Sarokin's mention of 523(a)(7) was included only as dictum, but also for the reason that significant statutory changes have been implemented since the *Lugo* decision in the area of automobile insurance reform. 190 B.R. at 203.

that any outstanding debt due to defendant, State of New Jersey, Division of Motor Vehicle–Surcharges be dischargeable, and further for immediate reinstatement of debtor's driver's license; and the court having rendered a written opinion this date, the terms of which are incorporated herein by reference;

IT IS, on this 3rd day of September, 1996;

ORDERED, that the debt owed by debtor/plaintiff, Edward T. Curtin, Jr. to defendant, State of New Jersey, Division of Motor Vehicle–Surcharges for motor vehicle surcharges be and it is hereby determined to be nondischargeable; and it is further

ORDERED, that the costs of collection of the aforesaid debt be and they determined to be dischargeable; and it is further

ORDERED, that debtor's request to direct the State of New Jersey, Division of Motor Vehicles to immediately reinstate his driver's license be and it is hereby denied.